JEROME SCHNEIDER, Respondent, *v.* J AND C CARPET Co., INC., Appellant.

First Department, April 27, 1965.

*Thomas W. Kelly* of counsel (*J. Christopher Meyer, Jr.,* with him on the brief; *Breed, Abbott & Morgan,* attorneys), for appellant.

*Henry Steinberg* for respondent.

*Per Curiam.* The defendant appeals from an order denying its motion pursuant to CPLR 3211 (subd. [a], par. 8) to vacate the service of the summons and to dismiss the complaint on the ground that there is no jurisdiction over defendant.

Plaintiff, a New York resident, brings this action against the defendant, a nondomiciliary Georgia corporation, for breach of a contract of employment. It was the duty of plaintiff to " cooperate " in all phases of the business so as to " accomplish an increase in sales volume ". Plaintiff, as " National Sales Representative ", solicited orders for defendant, attempted to develop substantial customers, communicated with and advised commission merchants and salesmen, and generally performed a variety of services relating to defendant's business. When the contract was first made he performed such services in Georgia. Thereafter, and until the termination of the contract, plaintiff, with the express permission of the defendant, performed such services in New York City.

The issue here is the same as was presented in *Boas & Assoc.* v. *Vernier* (22 A D 2d 561), i.e., " whether the alleged causes of action arose from any act of defendant in the transaction of business within the State, thereby conferring personal jurisdiction under CPLR 302 (subd. [a], par. 1)."

In denying the motion to vacate, Special Term wrote: " Under section 302(a)(1), CPLR, jurisdiction can be acquired over a non-domiciliary if ' he transacts any business within the state.' " Of course, Special Term intended not only that business be done within the State, but that the alleged causes of action be such as arise from an act of doing business in this State. However, Special Term appears to have rested its decision on the ground that " plaintiff has shown that defendant had sufficient contacts to satisfy the minimum requirement indicating that it transacted at least some business within the state." This statement would appear to be directed towards the jurisdictional requirements under CPLR 301. And it may very well be that the defendant's challenge to the service would be sustained if reliance for jurisdiction was based solely upon the " doing business test ", as provided in CPLR 301.

But, the requirements of CPLR 302 (subd. [a], par. 1) are met and jurisdiction can be sustained. We are not, under this section, concerned with the theory of minimal contacts, so as to

hold a corporation is "doing business" within the State, and hence subject to jurisdiction on any cause of action, whether or not related to the business transacted. The test under CPLR 302 (subd. [a], par. 1) is not whether there are sufficient contacts, but simply whether the defendant has transacted any business within the State, so long as the cause of action arises from any such transaction. (See *Bryant* v. *Finnish Nat. Airline,* 22 A D 2d 16.)

Can we here find that the causes of action arise from any act of the defendant in the transaction of business within the State?

The activities of the plaintiff in New York in furtherance of the contract must be considered as being those of the defendant. Thus, it is clear that the defendant was transacting business in this State within the contemplation of CPLR 302. Since the performance of the contract constituted the requisite transacting of business, the instant action — bottomed on the alleged breach of that contract — arose therefrom and the elements necessary for jurisdiction under CPLR 302 are present.

Accordingly, the order denying the motion to vacate the service of the summons and to dismiss the complaint should be affirmed, with costs.

BOTEIN, P. J., BREITEL, RABIN, STEUER and BASTOW, JJ., concur.

Order, entered on October 8, 1964, unanimously affirmed, with $30 costs and disbursements to respondent.