Jack Stanislaw, J.
The defendant Carlson Tool & Machine Company, an Illinois corporation, was personally served in that *410 State pursuant to the “long arm” CPLR 302. Accordingly, plaintiff Henlopen Manufacturing Co., Inc., asserts Carlson’s amenability to the personal jurisdiction of this court. Carlson has moved to dismiss the complaint by reason of a lack of that jurisdiction (CPLR 3211, subd. [a], par. 8).
Plaintiff purchased certain machinery and equipment from defendant. It alleges defects and deficiencies in these items leading to its damage by reason of defendant’s breach of warranties and of contract, and negligence. It is defendant’s transaction of business within the State (CPLR 302, subd. [a], par. 1), and not its commission of a tortious act here, which plaintiff relies upon as establishing jurisdiction. Thus we must be concerned initially with the question of “ contacts ” or “ business activities ” in New York by the defendant.
Henlopen points out that its purchase order and down payment forwarded to Carlson from New York constituted an acceptance and therefore the making of a contract in this State. Then too, Henlopen indicates defendant’s participation in the installation and testing of the machinery after delivery to plaintiff in New York. Even if the contract were made outside the State these later activities of the defendant are said to be sufficient to establish a basis for the exercise of jurisdiction (Longines-Wittnauer v. Barnes & Reinecke, 15 N Y 2d 443). That delivery to plaintiff was “ f.o.b. Geneva, Illinois ” is supposedly irrelevant, a simple notation regarding the party to be responsible for the cost of transportation without significance on the question of New York contacts. In fact, Henlopen posits that Carlson’s' delivery into this State, without more than its intention to do so, might be enough to sustain jurisdiction in terms of a contact as a transaction of business.
Finally, Henlopen indicates a myriad of activities by Carlson in New York which, when drawn together, demonstrate jurisdictional operation. Advertising and solicitation locally, whether by or through representatives or mail, and then negotiations between the parties even at long range, are said to combine into a “ pattern of contact ” adequate for the purpose of establishing New York jurisdiction. And all these the more so for the presence of defendant’s personnel during installation and adjustment of the machinery.
Carlson states many things it does not do in the nature of transacting business outside Illinois. It does concede advertising in a trade journal available by subscription even within the State of New York. Its general engineer, an Illinois resident travels extensively to inquire of customers as to the operation of machinery, though he never got to this plaintiff’s premi *411 ses. Other employed residents of Illinois are held available to customers by Carlson, to adjust machinery sold or to train customers’ employees in its operation. One such employee of Carlson’s did come to Henlopen’s plant, after the sale was completed, on five separate occasions for the purpose of making adjustments. Finally, Carlson relies heavily on the details of the parties’ relationship and communications leading to the transaction of which this lawsuit is an ultimate result. Henlopen made initial contact by mail, asking that a representative call. Since Carlson had no out-of-State representative Henlopen sent someone to Hlinois. Carlson then quoted a figure, several telephone conversations followed, and Henlopen thereafter submitted its order accepted by defendant in a writing mailed from Illinois. The point defendant makes, of course, is that all negotiations were conducted either by mail, phone or personally in Illinois and thus not at all within the State of New York. For this reason defendant argues that it did not and has not transacted any business in this State so as to render it amenable to jurisdiction pursuant to CPLB 302 (subd. [a]).
Apart from their general characterization of defendant’s acts as doing business or not in New York, the parties are specifically in disagreement as to the place that their contract be deemed to have been made. That is, did plaintiff accept defendant’s offer to sell by a mailing from New York, or did defendant accept plaintiff’s offer to purchase by an acceptance mailed from Hlinois? Assuming the last act necessary to a contract to be the one fixing the locus of that contract, it nevertheless appears that the place of the contract will not always be controlling to determine jurisdiction. An Illinois-based contract, for instance, will not eradicate the facts of New York transactions, nor will a New York contract supply those transactions per se (Longines-Wittnauer v. Barnes & Reinecke, 15 N Y 2d 443, supra).
We cannot say that Carlson’s contacts in and with this State are obviously overwhelming. At best they were minimal, the question being whether they were just minimal or even something less than that, approaching the infinitesimal (McKee Elec. Co. v. Rauland-Borg Corp., 20 N Y 2d 377). The facts presented here to sustain jurisdiction are not overpowering. Hpon close examination plaintiff leans heavily on an attempted development of a devious scheme on Carlson’s part to solicit and transact business in New York without committing itself to any indicia of actually doing business here. Yet Carlson does not engage in any one or more of the activities in New York noted potentially significant by the Court of Appeals as recently as May, 1967 (Standard Wine & Liq. Co. v. Bombay Spirits Co., *412 20 N Y 2d 13). On the other hand, the presence of Carlson’s employees in this State on five or six separate occasions for a total of perhaps as many days and the mere presence of defendant’s advertising in a trade journal received in New York among other places, are not sufficient to validate jurisdiction (cf. Longines-Wittnauer v. Barnes & Reinecke, 15 N Y 2d 443, supra, and as cited and elaborated upon in Standard Wines & Liq. Co. v. Bombay Spirits Co., supra, and McKee Elec. Co. v. Rauland-Borg Corp., supra). Even an assumption that the contract was consummated in New York would not vary that conclusion.
The motion is granted. In the absence of any development of argument based upon CPLR 302 (subd. [a], par. 3, cl. [ii]) (see Gillmore v. J. S. Inskip, Inc., 54 Misc 2d 218) we have not considered its effect upon the circumstances disclosed in these papers.