Joseph R. FONTANETTA, M.D., Plaintiff,

v.

AMERICAN BOARD OF INTERNAL MEDICINE, a non-profit corporation, Defendant.

No. 69–C–487.

United States District Court E. D. New York.

Aug. 5, 1969.

8. N.T. January 14, 1969, pp. 67–89.
9. Id. p. 29.

10. Id. p. 81.

428

Grossman, Feigen & Rossetti, New York City, for plaintiff; by Joel D. Katims, New York City, of counsel.

Greenbaum, Wolff & Ernst, New York City, for defendant; by Roger Bryant Hunting, New York City, of counsel.

JUDD, District Judge.

## MEMORANDUM AND ORDER

In this diversity action, here by removal, defendant has moved to dismiss the complaint for lack of jurisdiction over the person.

Plaintiff is a citizen of New York, and defendant is a non-profit corporation incorporated in Iowa, maintaining its principal place of business in Philadelphia. The action was commenced in Supreme Court, Kings County. Equitable relief is demanded, as well as damages of $50,000.

Defendant's motion is made "pursuant to Rule 3211(a) (8) of the New York Civil Practice Law and Rules." The motion must be based instead on Rule 12(b)(2) F.R.Civ.P., relating to dismissal for lack of jurisdiction over the person. Plaintiff has not been prejudiced by the misdescription.

Plaintiff is a licensed physician practicing in Brooklyn. Defendant is a non-profit certifying organization, which administers written and oral examinations

to doctors who wish to be certified as specialists in internal medicine.

Plaintiff, upon deciding that he was competent to achieve certification, applied to defendant, and defendant arranged for him to take a written examination in New York City. After he passed this examination (apparently on his fourth attempt), the defendant arranged to have plaintiff take an oral examination in Philadelphia in June, 1965, according to its regular procedure. He failed this examination, as well as one administered in St. Louis in October, 1967.

The affidavit of the Executive Director of defendant states that the written examination is administered simultaneously in several locations on the third Monday in October of each year, but that all are graded in one central location— Philadelphia now, and Madison, Wisconsin, at the time plaintiff took his written examinations. Except for the necessary correspondence with the doctors seeking certification, and making arrangements for the administration and supervision of the examination, no other acts appear to be carried out in New York.

The defendant does not solicit applicants to take its examinations. Instead, the procedure appears to be for a doctor, upon assessing himself qualified for certification, to make the initial overture to the Board. The Board, upon reviewing an applicant's background, may permit him to take the written examination at one of several locations, and then sets the oral examination at a place convenient to the specialists who give it.

Plaintiff caused the summons and complaint to be served in Philadelphia, and bases jurisdiction on the provisions of N.Y. CPLR § 302(a) (1), which gives jurisdiction over a non-domiciliary who "transacts any business within the state," if the cause of action arises from that business. Service under this statute may give jurisdiction to federal courts. F.R.Civ.P. 4(e).

■ Before discussing the statute, we point out that defendant did not waive jurisdictional defects by removing the case to this court. General Investment Co. v. Lake Shore & M. S. Ry. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244 (1922); Rockwell v. United States Fidelity and Guarantee Company, 137 F.Supp. 317 (M.D.Pa.1955).

Defendant argues that Section 302(a) (1) is not intended to cover non-commercial transactions, and that the Board was not transacting business in New York in a manner to give personal jurisdiction. The first argument is unsound, but the second one justifies granting the motion.

Jurisdiction in non-commercial matters under the long-arm statute has been sustained in Kochenthal v. Kochenthal, 28 A.D.2d 117, 282 N.Y.S.2d 36 (2d Dept. 1967). This case involved a woman's attempt to enforce a New York separation agreement against her non-resident ex-husband. The court held that the execution of this agreement in New York constituted the transaction of business for the purpose of CPLR § 302(a) (1). *Kochenthal* involved an agreement executed between parties who were both residents of New York when the agreement was executed. The agreement dealt with the property rights and financial affairs of the parties.

Certification of plaintiff as a specialist in internal medicine would benefit him professionally and financially. Denial of accreditation to an educational institution has been held to be a proper subject of judicial review. Marjorie Webster Junior College, Inc. v. Middle States Ass'n of Colleges and Secondary Schools, Inc., 302 F.Supp. 459 (U.S.D.C.D.C. July 24, 1969). This is of indirect relevance, in that it shows that non-commercial transactions often may be properly described as the transaction of "business."

■ The fact that defendant is a non-profit corporation, by itself, will not take the case out of the coverage of the long-arm statute, if it arises from business transacted in New York.

A review of some recent New York cases on commercial contacts sufficient to qualify as transacting business, will provide some guidance on the second argument.

■■ Jurisdiction over a corporation under the long-arm statute, based on the fact that it "transacts any business within the state" may be satisfied by less activity than is necessary to show that a corporation is "doing business" in the state under Section 307 of the Business Corporation Law so as to be subject to jurisdiction for all purposes. On the other hand, the long-arm statute was not intended to permit the maximum exercise of jurisdiction which the constitution would permit. Longines-Wittnauer Watch Co., Inc. v. Barnes & Reinecke, Inc., 15 N.Y.2d 443, 459–460, 261 N.Y.S. 2d 8, 209 N.E.2d 68 (1965); McLaughlin, Supplementary Practice Commentary, 7B McKinney's N.Y. Consol. Laws p. 114, supp. (1968).

In McKee Electric Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 283 N.Y.S.2d 34, 229 N.E.2d 604 (1967), a New York distributor of defendant's products served defendant in Illinois under CPLR § 302. Defendant was an Illinois manufacturer which sold its products through distributors in New York. Fewer than five percent of its sales were to New York distributors, who mailed orders to Chicago where they were accepted or rejected. In the instance giving rise to the suit, a representative of defendant visited the plaintiff in New York "for approximately two hours." The Court of Appeals held that there were insufficient contacts upon which to predicate jurisdiction in the New York courts, saying (20 N.Y.2d at 382, 283 N.Y.S.2d at 37, 229 N.E.2d at 607):

" * * * the contacts here, rather than being minimal, were so infinitesimal, both in light of Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283, and Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68, that jurisdiction of the

New York courts cannot be sustained. Otherwise, every corporation whose officers or sales personnel happen to pass the time of day with a New York customer in New York runs the risk of being subjected to the personal jurisdiction of our courts."

The Court noted that "defendants, as a rule, should be subject to suit where they are normally found, that is, at their preeminent headquarters, or where they conduct substantial general business activities. Only in a rare case should they be compelled to answer a suit in a jurisdiction with which they have the barest of contact." It also noted that "A dismissal for lack of jurisdiction in the present case would work no undue hardship." (20 N.Y.2d at 383, 283 N.Y.S.2d at 38, 229 N.E.2d at 608). Three judges dissented, pointing out that "there exists a mythical line of demarcation: cases which fall above the line meet the constitutional and procedural standards; those which fall below the line do not." (20 N.Y.2d at 385–386, 283 N.Y.S.2d at 41, 229 N.E.2d at 609).

In Henlopen Mfg. Co., Inc. v. Carlson Tool and Machine Co., 55 Misc.2d 409, 285 N.Y.S.2d 396 (S.Ct. Suffolk Co., 1967), defendant's contacts with New York consisted of certain advertising in a journal which had New York subscribers, and sending personnel to New York to help install and test its equipment. Insufficient contacts were found.

In Schneider v. J and C Carpet Co., 23 A.D.2d 103, 258 N.Y.S.2d 717 (1st Dept. 1965), the performance of services in New York by an agent as representative of defendant Georgia corporation was held to be the transaction of business so as to permit New York to acquire jurisdiction over the corporation in a suit based on his employment contract. See also A. Millner Company v. Noudar, Lda., 24 A.D.2d 326, 266 N.Y.S.2d 289, 294 (1st Dept. 1966); Friedr. Zoellner (New York) Corp. v. Tex Metals Co., 278 F.Supp. 52 (S.D.N.Y.1967).

■ After seeking to locate the "mythical line of demarcation" in this

case, the court is persuaded to deny jurisdiction over defendant. The New York aspects of the relationship between the parties here were minimal. It appears that the plaintiff made the initial overtures to defendant, rather than defendant sending representatives to New York to solicit his application for certification. Under the precise language of the statute, plaintiff does not allege "a cause of action arising from" any acts performed in New York. His claim is not based on the transaction of business in New York, where he took a written examination which he passed, but on his being failed in oral examinations administered and graded outside New York.

Additionally, as a matter of policy, New York has no interest that this court can ascertain in extending its jurisdiction to an organization such as the defendant. If certification by a national board is to be meaningful, review of its refusal to certify should not be split among every jurisdiction where a written examination was taken, with different standards being developed in different states.

These are not factors which touch on the constitutionality of New York's exercising jurisdiction in a case such as this. We hold that CPLR § 302(a) (1), and the decisions by New York courts applying it, do not compel this court to accept jurisdiction.

Another possible basis of basing jurisdiction, although not argued by plaintiff, is the commission of a tort outside New York with foreseeable consequences in this state. CPLR § 302(a) (3). The complaint uses the adjective "defamatory" in describing the defendant's denial of certification, but the word seems not to be used in the sense of "defamation of character," which would be excluded from jurisdiction under Section 302(a) (3), nor is the cause of action basically for a tortious act. There is no allegation that defendant published the fact of plaintiff's failure to anyone else. Plaintiff is complaining of unfairness or arbitrariness in the testing procedure, which has caused him economic detri-

ment. Plaintiff's character is not in issue, but only defendant's procedures. The complaint is based either on breach of an implied contract to administer the tests fairly or on judicial review of a quasi-administrative procedure. In either case, New York does not have jurisdiction over the defendant.

The motion to dismiss for lack of personal jurisdiction is granted.

So ordered.