JOHN DE NIGRIS ASSOCIATES, INC., Appellant, *v.* PACIFIC AIR TRANSPORT INTERNATIONAL, INC., Formerly Known as PACIFIC AIR TRANSPORT, INC., Respondent.

First Department, March 16, 1972.

*Jules V. Speciner* for appellant.

No appearance for respondent.

McNALLY, J. Plaintiff, a domestic corporation, seeks to recover for services rendered for and disbursements in behalf of the defendant, a Utah corporation. This appeal is from the order denying plaintiff's motion for summary judgment. The written employment agreement, dated March 9, 1970, requires plaintiff to '' create, prepare and disseminate information and written material contacting security analysts, fund managers, portfolio managers, editors, trade press and others on your behalf.'' Between May and October, 1970 plaintiff rendered bills to the defendant specifying the promotional services and disbursements rendered for and in behalf of the defendant, which aggregated $15,569.36 on which defendant paid $3,250, leaving an unpaid balance of $12,319.36, the amount sought in this action.

Jurisdiction of the defendant rests on the long-arm statute, CPLR 302 (subd. [a]).

Defendant does not deny the rendition of the services, the disbursements in its behalf, or the amount due. Its sole contention is that the courts of this State lack personal jurisdiction over the defendant, a foreign corporation.

We conclude that plaintiff's cause of action arises from business transactions within this State for and in behalf of the defendant within the meaning of CPLR 302 (subd. [a]). (*Parke-Bernet Galleries* v. *Franklyn,* 26 N Y 2d 13.) Plaintiff's services and disbursements within this State toward the end of promoting public relations for and in behalf of the defendant are akin to professional legal services. (See *Strasser, Spiegelberg, Fried & Frank* v. *Schlesinger,* 53 Misc 2d 78, affd. 28 A D 2d 828; *Elman* v. *Belson,* 32 A D 2d 422.) Plaintiff served to favorably publicize the defendant. It was the agent and representative of the defendant and not a principal or an independent contractor in respect of the services within the holdings of *Glassman* v. *Hyder* (23 N Y 2d 354); *Standard Wine & Liq. Co.*

v. *Bombay Spirits Co.* (20 N Y 2d 13); *McKee Elec. Co.* v. *Rau-land-Borg Corp.* (20 N Y 2d 377) and *Kramer* v. *Vogl* (17 N Y 2d 27) cited and distinguished in *Parke-Bernet Galleries* v. *Franklyn* (*supra*).

The order should be reversed on the law, with costs and disbursements, and the plaintiff's motion for summary judgment granted.

MURPHY, J. (dissenting). Whether plaintiff be deemed an independent contractor or an agent, neither the mailing of the contract into this State nor plaintiff's activities thereunder are sufficient to subject defendant to the jurisdiction of our courts. (*Millner Co.* v. *Noudar, LDA,* 24 A D 2d 326; *Parke-Bernet Galleries* v. *Franklyn,* 26 N Y 2d 13.) Accordingly, the order appealed from should be affirmed.

McGIVERN and MARKEWICH, JJ., concur with McNALLY, J.; MURPHY, J., dissents in an opinion, in which STEVENS, P. J., concurs.

Order, Supreme Court, New York County, entered on November 30, 1971, reversed, on the law, the plaintiff's motion for summary judgment granted. Appellant shall recover of respondent $50 costs and disbursements of this appeal.