■ Charles M. Haar, Respondent, v. Armendaris Corporation, Appellant.— In this action for the value of work, labor and services performed, the order, Supreme Court, New York County, entered May 24, 1972, denying defendant's motion to dismiss for lack of personal jurisdiction is affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Personal jurisdiction is grounded on CPLR 302 (subd. [a], par. 1) in that defendant through plaintiff, its agent, transacted business within this State. The retainer dated June 15, 1971 provides that plaintiff "will proceed to begin negotiations with the Welfare Island Development Corporation on behalf of our joint venture with The INA Corporation toward the execution of a development agreement. We understand that you are leaving for Jerusalem on the 27th of June, and will be gone about six weeks. We understand that you will accomplish as much as possible between now and that date, and that we will arrange with you to transfer the work to another lawyer for conclusion at an appropriate time." Welfare Island Development Corporation is a New York corporation. Plaintiff, a New York lawyer, did negotiate with Welfare in New York. During plaintiff's absence, Joseph Winston, his associate attorney, also negotiated with Welfare in New York. All the "negotiations * * * on behalf" of defendant's joint venture contemplated under the said retainer were had in New York. Clearly, the negotiations were by plaintiff and his associate as the agents for and in behalf of the defendant under the express provisions of the retainer. Defendant, therefore, through plaintiff and his associate as its agents, transacted business within this State within the meaning of CPLR 302 (subd. [a], par. 1). (*De Nigris Assoc.* v. *Pacific Air Transp. Int.,* 38 A D 2d 363; *Collateral Factors Corp.* v. *Meyers,* 39 A D 2d 27.) Concur — Kupferman, McNally and Macken, JJ.; McGivern, J. P., and Capozzoli, J., dissent in the following memorandum by Capozzoli, J.: I dissent and would reverse the order appealed from which denied defendant's

motion to dismiss the complaint herein on the ground of lack of personal jurisdiction. Plaintiff and defendant are both admittedly nondomiciliaries. On June 15, 1971, defendant, in California, wrote to plaintiff, in Massachusetts, allegedly engaging him to "proceed to begin negotiations with the Welfare Island Development Corporation * * * toward the execution of a development agreement". Plaintiff, who now sues for services rendered, based upon service on defendant in Missouri, failed to submit an affidavit at Special Term in opposition to defendant's motion to dismiss. The only affidavits submitted in opposition were those of an attorney who claims to have been "engaged as associate attorney in this matter by plaintiff" and they alleged in conclusory fashion that he and plaintiff had negotiated in New York City with the Welfare Island Development Corporation and had visited the Welfare Island site here. This is not an action between defendant and a third party, but rather between plaintiff as agent for defendant and defendant principal. In the former situation I would not hesitate to find jurisdiction, but I conclude differently under the facts of this case. This precise issue was the subject of a footnote in *Parke-Bernet Galleries* v. *Franklyn* (26 N Y 2d 13, 19) which reads as follows: "2. The present case differs materially from others, relied upon by the defendant, in which we have denied jurisdiction. (See *Glassman* v. *Hyder*, 23 N Y 2d 354; *Standard Wine & Liq. Co.* v. *Bombay Spirits Co.*, 20 N Y 2d 13; *McKee Elec. Co.* v. *Rauland-Borg Corp.;* 20 N Y 2d 377, *supra*; *Kramer* v. *Vogl*, 17 N Y 2d 27.) It is sufficient to point out that in each of those cases, all of which involved agents who were suing their principals, the plaintiff was relying on his own activities within the State, and not those of the defendant, as the basis for jurisdiction. In other words, in no one of these cases had the defendant himself engaged in purposeful activity within the State nor had the cause of action arisen out of transactions with third parties conducted through an agent." As in the cases cited in the quoted footnote, the present plaintiff is relying on his own activities within the State, rather than on defendant's *independent* activities. This record fails to disclose any "purposeful activity" engaged in by defendant itself within this State, out of which this action arose, so as to render it subject to our jurisdiction in the plaintiff's action against it.