**HELFER COMMODITIES CORP.,**
Plaintiff,

v.

**Lenin PELLEGRINO, Defendant.**
**No. 74 Civ. 5542–CLB.**

United States District Court,
S. D. New York.

March 7, 1975.

---

Matalon & Schachter, New York City, for plaintiff.

Migdal, Tenney, Glass & Pollack by Lawrence W. Pollack, New York City, for defendant.

MEMORANDUM AND ORDER

BRIEANT, District Judge.

Defendant, an Illinois physician, maintained a commodities brokerage account in New York with plaintiff. Defendant assumed an active role in the management of his commodities speculations and would give specific instructions to plaintiff's personnel concerning trades to be executed on his behalf on the floor of the New York Mercantile Exchange, Inc. and the Commodity Exchange, Inc., commodity futures exchanges located in New

York City. Typically, defendant would convey extensive trading instructions by lengthy collect telephone calls to plaintiff's New York office. Often, defendant would remain on the telephone while plaintiff's President conveyed these instructions to traders on the floor of the exchange, and reported the results. Plaintiff seeks in this action to collect $81,017.41 alleged to be owed by defendant in connection with trades executed by or through the plaintiff firm.

Personal jurisdiction over defendant is premised on personal service of process of the New York Supreme Court at defendant's office in Oak Park, Illinois. It is alleged that this suit arises from defendant's having transacted business in New York. N.Y. CPLR § 302(a)(1) (McKinney's 1972). The action was removed to this Court from Supreme Court, New York County in accordance with 28 U.S.C. § 1441.

The recent case of Haar v. Armendaris Corp., 31 N.Y.2d 1040, 342 N.Y. S.2d 70, 294 N.E.2d 855 (1973) reversing upon the dissenting opinion below in 40 App.Div.2d 769, 337 N.Y.S.2d 285, 287 (1st Dept. 1972) read in connection with footnote 2 in Parke-Bernet Galleries, Inc. v. Franklyn, 26 N.Y.2d 13, 19, 308 N.Y.S.2d 337, 341, 256 N.E.2d 506, 509 (1970) therein cited, suggests that notwithstanding the clear language of the statute, an illogical judicially imposed gloss prevents the agent from suing his principal in New York under the long arm statute based on purposeful acts in New York which the plaintiff agent was authorized by his principal to perform. But as our Court of Appeals has held in Klages v. Cohen, 146 F.2d 641, 644 (1945):

> "[I]t is not the function of federal courts to examine the correctness of decisions of the courts of a state whose law is to be applied in the federal court."

Collect telephone calls into New York to the agent are not regarded as "defendant's *independent* activities" within this state, for jurisdictional purposes. (Quoted from *Haar, supra,* emphasis in original).

Defendant's motion is granted to the extent that this case is transferred to the Northern District of Illinois, pursuant to 28 U.S.C. § 1404(a), as requested by the defendant in his notice of motion.

So Ordered.