OPINION OF THE COURT

Per Curiam.

Order, entered December 3, 1976 (Wright, J.), affirmed, with $10 costs.
Plaintiff, New York attorneys, bring this action against defendant, an Illinois corporation, to recover for services rendered in connection with the initiation and prosecution of a lawsuit in New York in defendant’s behalf. Plaintiff was retained by defendant’s Chicago counsel. While it is conceded that there was no actual physical presence in this State on the part of either the defendant or its home counsel, the record reveals a continuous course of negotiation and communication by defendant’s Chicago attorneys with plaintiff in New York, conducted by mail and telephone over a period of three years, concerning the prosecution and management of the New York lawsuit.
Plaintiff may not rely solely upon its own activities as agents in New York to establish long-arm jurisdiction (Haar v Armendaris Corp., 40 AD2d 769, revd on the dissent 31 NY2d 1040; Bernard Rackear, P. C. v Bath Decor, NYLJ, June 16, 1977, p 4, col 5). It may, however, base jurisdiction on the fact that as third parties it dealt with defendant over a substantial period of time through the medium of defendant’s Chicago attorneys. The contacts in New York of defendant’s out-of-State attorneys were meaningful, and purposeful. Having been performed by defendant’s agents, these acts may be imputed to the defendant to sustain jurisdiction (CPLR 302, subd [a], par 1; Elman v Belson, 32 AD2d 442; Parke-Bernet Galleries v Franklyn, 26 NY2d 13, 19, n 2; Galgay v Bulletin Co., 504 F2d *1086 1062; see, also, Strasser, Spiegelberg, Fried & Frank v Schlesinger, 53 Misc 2d 78, affd 28 AD2d 828).
What constitutes a "transaction of business” has been defined as "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws” (Hanson v Denckla, 357 US 235, 253; Margaret Watherston, Inc. v Forman, 73 Misc 2d 875). The affirmative and deliberate use of the courts of this State by defendant through its attorneys renders it amenable to our long-arm jurisdiction.
Concur: Dudley, P. J., Tierney and Gellinoff, JJ.