DREXEL BURNHAM LAMBERT, INCORPORATED, Plaintiff,

v.

Robert D'ANGELO and Kenneth D'Angelo, Defendants.

No. 77 Civ. 3267 (WCC).

United States District Court, S. D. New York.

July 17, 1978.

---

9. *Air Transport Association v. Professional Air Traffic Controllers Organization, supra,* 313 F.Supp. at 183.

Grandefeld & Goodman, New York City, for plaintiff; Dominick J. Dorata, New York City, of counsel.

Brown, Wood, Ivey, Mitchell & Petty, New York City, for defendants; Thomas J. Mullaney, New York City, of counsel.

## OPINION AND ORDER

CONNER, District Judge:

This is an action to recover a debit balance in defendants' joint commodity account with plaintiff, which is alleged to have arisen out of defendants' purchases and sales of soybean contracts on the Chicago Board of Trade. Plaintiff is a New York corporation doing business as a broker-dealer in securities and commodities; defendants are residents of New Jersey.

The action was commenced in the New York Supreme Court and removed here on defendants' petition. Defendants move to dismiss the complaint on the ground that the Court lacks jurisdiction over their persons or property.

Plaintiff asserts jurisdiction over defendants on the basis of an order of attachment granted by the New York Supreme

Court on May 26, 1977, which was levied upon two other commodity accounts maintained by defendants at the New York City office of the Clayton Brokerage Co. of St. Louis, Inc. pursuant to N.Y.C.P.L.R. §§ 6202, 5201, 314, 315. Shortly thereafter the United States Supreme Court decided *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) which applied to *quasi in rem* jurisdiction the same "minimum contacts-fairness" test of due process that the Court had developed with respect to *in personam* jurisdiction in *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Defendants claim that application of the principles announced in *Shaffer* renders unconstitutional the assertion of jurisdiction over defendants based on the attachment in this case.

In *Shaffer* the court held that the attachment of property of the defendant unrelated to plaintiff's suit is alone not sufficient to confer jurisdiction over a foreign defendant.

> "[A]ny assertion of state court jurisdiction must satisfy the *International Shoe* standard. . . . [A]lthough the presence of the defendant's property in a State might suggest the existence of other ties among the defendant, the State, and the litigation, the presence of the property alone would not support the State's jurisdiction."
>
> *Shaffer v. Heitner, supra,* 433 U.S. at 208–09, 97 S.Ct. at 2582.

The effect of *Shaffer* on the New York law upon which plaintiff relies here has recently been considered by the Second Circuit, which held that

> "The application of the 'minimum contacts' standard to proceedings begun by attachment now means that the presence of the defendant's property within New York must be viewed as only one contact of the defendant with the state, to be considered along with other contacts in deciding whether the assertion of jurisdiction is consistent with 'traditional notions of fair play and substantial justice'. *International Shoe Co. v. Washington, supra,* 326 U.S. at 316, 66 S.Ct. 154; *Shaffer*

> *v. Heitner, supra,* 433 U.S. at 209, 97 S.Ct. 2569. Hence, some attachments still valid under New York law, and still constituting valid bases (so far as New York law is concerned) for *quasi-in rem* jurisdiction, will no longer satisfy the applicable due process requirement where the defendant has less than minimum contacts with New York."
>
> *Intermeat, Inc. v. American Poultry Incorporated and A & W Foods,* 575 F.2d 1017 at 1022 (2d Cir. Apr. 14, 1978) (footnotes omitted).

The decision in *Intermeat* makes clear that the lack of connection between the attached property and the suit begun by attachment does not preclude assertion of jurisdiction over a foreign defendant if there are other contacts between the defendant and the forum state that will satisfy the minimum contacts requirement of *International Shoe.* The test is "whether there are sufficient minimum contacts to make it fair and just that the foreign [defendants] be required to come to New York to defend the action that was begun by attachment," and "whether the relationship among the plaintiff, the defendant[s], and the forum state make it fair and reasonable to try the action" here. *Intermeat, Inc. v. American Poultry, supra* at 1023.

Defendants describe their contacts with New York as follows:

> "The defendants live and work in New Jersey. Their commodity account with Drexel Burnham, which was in existence from March 18th to April 29th, 1977, was opened without any contacts in New York on the part of the defendants. The defendants previously maintained an account at Shearson Hayden Stone, Inc. with a Mr. James Sheehan as their registered representative. Mr. Sheehan switched jobs to Drexel Burnham at the beginning of 1977 and he telephoned the defendants in New Jersey to ask them to transfer their account to Drexel Burnham. They agreed, and Sheehan mailed them the forms necessary to open the Drexel Burnham account, which defendants filled out in New Jersey and mailed back to Sheehan.

"From the time of the opening of the account, until after it was closed and this litigation had commenced, the defendants never visited New York in connection with their account. All orders for purchases or sales of contracts were given over the phone to Mr. Sheehan. Almost all of these transactions were for the purchase and sale of soybean contracts on the Chicago Board of Trade."

Defendants claim that these contacts with New York and the plaintiff do not meet the minimum requirements of *International Shoe.* In support of their motion to dismiss, they cite a number of cases suggesting that defendants' activities would not suffice to confer personal jurisdiction under the "transacting business" standard of New York's long arm statute. N.Y.C.P.L.R. § 302(a)(1). For example, in *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Alexiou,* 397 F.Supp. 1292 (S.D.N.Y.1975), a plaintiff broker sought to bring an action in New York against a non-resident customer. The customer had given orders to the broker to purchase specific sugar contracts which were traded only in New York on the New York Coffee and Sugar Exchange. Even though the entire transaction that was the subject of the action had taken place in New York, the complaint was dismissed under the rule of *Haar v. Armendaris Corp.,* 31 N.Y.2d 1040, 342 N.Y.S.2d 70 (Court of Appeals 1972), which held that "in an action by an agent against his foreign principal, the acts of the agent can never be attributed to the foreign defendant for jurisdictional purposes." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Alexiou,* supra at 1293. Similarly, in *Helfer Commodities Corp. v. Pellegrino,* 390 F.Supp. 520 (S.D.N.Y.1975), the court dismissed a claim by a New York broker against a nonresident who had telephoned the broker in New York to execute trades on the floor of two commodity exchanges located in New York City. Applying the holding of *Haar v. Armendaris Corp., supra,* the court concluded that the defendant's telephone calls were not "defendant's independent activity" and could not subject him to New York jurisdiction under N.Y.C.P.L.R. § 302.

■ These cases, however, are not dispositive of the issue before this Court, since it was held in *Intermeat* that

"The constitutional standard of due process may be met by fewer contacts . . . than those required under the more restrictive statutory test of 'doing business', N.Y.C.P.L.R. § 301, as the New York Court of Appeals implicitly recognized in *Simonson v. International Bank,* 14 N.Y.2d 281, 286–88, 251 N.Y.S.2d 433, 200 N.E.2d 427 (1964), or the (possibly) more restrictive test of 'transacting business', N.Y.C.P.L.R. § 302, since neither of these statutes governs jurisdiction based on attachment."

*Intermeat, Inc. v. American Poultry, supra* at 1022.

This Court is therefore not bound by decisions of New York state or federal courts establishing or applying the minimum statutory requirements, and the acts of a plaintiff-agent may be attributed to a foreign defendant for jurisdictional purposes if consistent with due process, even though they would be insufficient for jurisdiction under § 302.

■ It is well-established that jurisdiction may constitutionally be assumed over a foreign defendant who remains physically outside the forum, but who carries out activities in that state through an agent. *International Shoe Co. v. Washington, supra.* In fact, prior to the decision of the Court of Appeals in *Haar v. Armendaris,* New York courts permitted the assertion of long-arm jurisdiction over a principal by an agent-plaintiff. *Collateral Factors Corp. v. Meyers,* 39 A.D.2d 27, 330 N.Y.S.2d 833 (1st Dep't 1972); *John DeNigris Assoc. v. Pacific Air Transport Int'l, Inc.,* 38 A.D.2d 363, 329 N.Y.S.2d 939 (1st Dep't 1972); *Schneider v. J and C Carpet Co.,* 23 A.D.2d 103, 258 N.Y.S.2d 717 (1st Dep't 1965). The dichotomy between suits by agent and third-party plaintiffs created by the *Haar* decision has been criticized by court and commentators. In *Galgay v. Bulletin,* 504 F.2d 1062, 1065 n. 1 (2d Cir. 1974), the Court noted that "[c]onceptually it would not seem to be a supportable distinction," and cited the argument of Dean McLaughlin in his Practice Commentary that

"if the acts of a true agent may be imputed to his foreign principal when the suit is between a third party, who dealt with the agent, and the principal, there is no analytical reason why the acts of the agent cannot similarly be attributed when the suit is between the agent and the principal." Practice Commentary, McKinney's N.Y.C.P.L.R. § 302, C302:3 (1973 Supp. Pocket Part at 25–26).

See also *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Lecopulos,* 553 F.2d 842, 844 (2d Cir. 1977); *Helfer Commodities Corp. v. Pellegrino, supra* at 521.

█ Accordingly, this Court finds that plaintiff acted as defendants' agent[1] and that its activities in New York, carried out at defendants' direction and on defendants' behalf, may be attributed to defendants for purposes of jurisdiction. Defendants requested plaintiff to perform acts in New York from which they expected to benefit. In so doing, they acted purposefully to avail themselves of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

Moreover, the Court's application of the *International Shoe* fairness standard in *Shaffer v. Heitner,* suggests that a significant factor is whether defendants might reasonably expect "to be haled before a [New York] court." *Shaffer v. Heitner, supra,* 433 U.S. at 216, 97 S.Ct. at 2586. As Justice Stevens wrote in a concurring opinion,

"The requirement of fair notice . . . includes fair warning that a particular activity may subject a person to the jurisdiction of a foreign sovereign. If I visit another state, or acquire real estate or open a bank account in it, I knowingly assume some risk that the state will exercise its power over my property or my person while there. My contact with the state, though minimal, gives rise to predictable risks."
*Shaffer v. Heitner, supra* at 218, 97 S.Ct. at 2587.

Defendants' activities here exceeded opening a bank account; by maintaining commodities accounts and regularly directing the transaction of business in New York on their behalf, defendants knowingly assumed a predictable risk that they might be compelled to litigate disputes concerning those accounts in New York. Thus it cannot be said that the assertion of jurisdiction in this case is inconsistent with "traditional notions of fair play and substantial justice." *International Shoe v. Washington, supra,* 326 U.S. at 316, 66 S.Ct. at 158.

Defendants' motion to dismiss the action is therefore denied.

SO ORDERED.

---

1. Under New York law, the acts of an agent, but not the acts of an independent contractor may be attributed to a non-resident defendant for purposes of jurisdiction under CPLR 302. And in some cases jurisdiction has been denied where brokers have been characterized as independent contractors. This Court, however, agrees with Dean McLaughlin that for purposes of determining whether a defendant has engaged in a purposeful act invoking the benefits and protections of New York law, there is no reason for a court to become "ensnared in the technical rules of agency. Where a non-domiciliary requests a person to perform an act in New York for the benefit of the non-domiciliary [it should make no difference] whether the person is an employee, an agent, or an independent contractor, so long as the act is performed in New York, is purposeful, and benefits the non-domiciliary." Practice Commentary C302:3.