OPINION OF THE COURT
Anthony J. Ferraro, J.
Defendants make this motion for a judgment dismissing the summons and the cause of action on the ground that the court does not have jurisdiction over the person of the defendant.
Plaintiff purchased a home from the defendants in the City of New Rochelle pursuant to contract duly executed in this *300 county. Although thé sale was consummated, a dispute remained as to storage costs for furniture of plaintiff. Since the closing defendants have moved to the State of Connecticut.
Plaintiff seeks to invoke the long-arm statute CPLR 302 (subd [a], par 1) and has served the defendants in this action in the State of Connecticut.
Defendants contend that the long-arm statute does not apply because they were residents of the State when the business was conducted here and the long-arm statute only applies to nonresidents doing business in the State.
The court cannot agree with this novel and strained interpretation of the long-arm statute. If anything, there should be greater rights against a defendant who formerly lived here than one who never did. The standard for assessing the irreducible minimum forum activities constitutionally requisite to subject nonresidents to personal jurisdiction has been reformulated to only require minimum contacts within the State such that the suit does not offend "traditional notions of fair play and substantial justice.” (International Shoe Co. v Washington, 326 US 310; Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443.)
In the instant cáse, the cause of action arose. out of a contract executed and performed in New York which clearly constitutes a transaction of business in the State. (Schneider v J & C Carpet Co., 23 AD2d 103; Kazlow & Kazlow v Goodman & Co., 92 Misc 2d 1084.)
Defendants cannot avail themselves of the privilege of conducting activities within the forum State, obtain the benefits of its laws and then escape their liabilities therein by leaving the State. (Hanson v Henckla, 357 US 235.)
The defendants are nonresidents, they have transacted business within the State, and they are therefore amenable to State jurisdiction pursuant to CPLR 302 (subd [a], par 1).
In Professor Siegel’s words, the test is whether the nonresident "crossed the frontier.” It should make no difference whether he crossed it on the way in or on the way out. Having crossed the border, he must now pay the duty.
Motion denied.