CAMBRIDGE ENERGY CORP., and Joseph A. Gaskin, Plaintiffs,

v.

TRI–CO FUELS, INC.; Charles J. Smith individually and as an officer of Tri-Co Fuels, Inc.; Charles Ross Smith individually and as an officer of Tri-Co Fuels, Inc.; Anita Drake individually and as an officer of Tri-Co Fuels, Inc.; Cobra Resources, Inc.; Robert Lane individually and as an officer of Cobra Resources, Inc.; and John T. Mongoven individually and as an officer of Cobra Resources, Inc., Defendants.

No. 84 Civ. 8672 (KTD).

United States District Court, S.D. New York.

July 16, 1986.

Thomas V. Dana, New York City, for plaintiffs.

Howard, Darby & Levin, New York City, for defendants Robert L. Lane, John T. Mongoven and Cobra Resources, Inc.; Jack P. Levin, Raymond D. Agran, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiffs, Cambridge Energy Corp. ("Cambridge") and Joseph A. Gaskin, bring this action against, among others, defendants, Cobra Resources, Inc. ("Cobra"), Robert L. Lane, and John T. Mongoven, officers of Cobra, alleging breach of contract.

Defendants previously moved (1) pursuant to Fed.R.Civ.P. 12(b)(2) to dismiss plaintiffs' complaint for lack of personal jurisdiction, and (2) in the alternative, to dismiss the complaint under the doctrine of *forum non conveniens*. By Endorsement dated April 1, 1985, I denied defendants' motions as premature and directed the parties to conduct discovery on the jurisdictional issue. Familiarity with this decision is presumed. Defendants' now renew their motions. For the reasons set forth below, plaintiffs' complaint as against Cobra, Lane, and Mongoven is dismissed.

Lane and Mongoven are Kentucky residents who are officers of Cobra, a Kentucky corporation which sells coal. Gaskin, a New York resident, is the sole owner of Cambridge, a New York corporation engaged in energy marketing. Gaskin is suing Cobra on a May 31, 1983 agency contract under which Gaskin was to act as an "energy broker" to assist Cobra in the procurement of a coal purchase agreement between Cobra and the International Paper Company ("IPC"). IPC's corporate offices are in New York.

Under the terms of this agency contract, Gaskin was to be the "exclusive coal sales agent to represent Cobra Resources, Inc. with the International Paper Company." Plaintiffs' Exhibits In Opposition, Exhibit 2 (Gaskin-Cobra Agreement, May 31, 1983). The contract was signed by Lane (as president of Cobra) in Kentucky and by Gaskin in New York. The agreement stipulates that Cobra will pay Gaskin a certain amount per ton for "all coal sold to [IPC] at their Bastrop, Louisiana, mill or the Mansfield, Louisiana, mill." *Id.*

In a diversity action, this court's power to assert jurisdiction over non-domiciliaries is determined by the law of New York. *Arrowsmith v. United Press International*, 320 F.2d 219, 223 (2d Cir.1963). The relevant statutes in this instance are Sections 301 and 302 of the New York Civil Practice Law and Rules ("C.P.L.R.").

This court may exercise its jurisdiction pursuant to Section 301 if the de-

fendants are "doing business" in New York. *See Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 115 N.E.2d 915, 916–17 (1917) (Cardozo, J.). To exercise jurisdiction under a "doing business" theory, however, the defendants must be shown to have a "continuous and systematic" presence in the forum. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415–18, 104 S.Ct. 1868, 1872–74, 80 L.Ed.2d 404 (1984) (a foreign corporation that negotiated a contract in Texas, bought products there at regular intervals, and sent personnel to be trained there, was not "doing business" in the state). Cobra maintains no offices, agents, telephone listings, or bank accounts in New York. It is not licensed to do business in the state and owns no property here. Similarly, Lane and Mongoven have been in New York only occasionally. Thus, as these defendants are not "doing business" in this state, jurisdiction cannot be obtained over them through Section 301 of the C.P.L.R.

Section 302(a) of the C.P.L.R. provides in part:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent:
>
> 1. transacts any business within the state ...

Under this statute there is a two-step test which must be met in order for a court to exercise personal jurisdiction: (1) defendant must transact business within the state; and (2) the cause of action must arise from that transaction. *Davis v. Costa-Gavras*, 595 F.Supp. 982, 985 (S.D.N.Y. 1984).

Plaintiffs concede that the subject matter of this litigation is only the agency contract. Thus, it is only the locale and nature of defendants' negotiations regarding the agency contract that must be examined when considering whether to exercise jurisdiction over defendants under Section 302.

*See McKee Electric Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 283 N.Y.S.2d 34, 37, 229 N.E.2d 604, 606–07 (1967); *Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 13–14, 209 N.E.2d 68, 71–72 (1965); *see also Lehigh Valley Industries, Inc. v. Birenbaum*, 527 F.2d 87, 92–93 (2d Cir.1975); *Pneuma-Flo Systems, Inc. v. Universal Machinery Corp.*, 454 F.Supp. 858, 866 (S.D.N.Y.1978).

■ The parties to this motion were given the opportunity to conduct discovery prior to the resolution of the motion for the express purpose of resolving the dispute over whether, and to what extent, negotiations regarding the agency contract took place in New York. Defendants Lane and Mongoven have provided very detailed affidavits describing precisely what they did on each trip to New York. It is clear from these affidavits that, with regard to the agency contract with plaintiffs, absolutely nothing of substance was ever discussed while these defendants were in New York. Instead, all negotiations regarding the agency contract were conducted by telephone and through the mail. Certainly material terms to the agency contract such as the amount of Gaskin's commission, the type of coal Gaskin would be representing, and the duration of Gaskin's agency were never discussed while defendants were in New York. *See* Affidavit of Robert L. Lane ¶¶ 3–5, 7–9, 11, and 14–15; Lane Reply Affidavit ¶¶ 2, 4, and 6–7; Affidavit of John T. Mongoven, ¶ 3. In response to the meticulous affidavits submitted by defendants Lane and Mongoven regarding their activities in New York, plaintiff Gaskin simply alleges in his affidavit that "[a]ll of the material details" of the agency contract "were negotiated in depth, with Cobra in New York." Affidavit of Joseph A. Gaskin, ¶ 3.[1] In addition, Gaskin sets forth a number of his own activities in New York and then attempts to impute these activities onto defendants in his effort to per-

---

1. I should note that paragraph 3 of Gaskin's affidavit is ambiguous and, when read in conjunction with the entire affidavit, may simply be an example of Gaskin attempting to impute his own activities onto defendants.

suade this court to assert personal jurisdiction over them. Gaskin alleges, *inter alia,* that:

> all letters, phone calls or written communications involving the discussion of any of the details of my agency agreement with Cobra (5/31/83) were received by me in New York. All of my counter suggestions and counter proposals to Cobra in negotiating the essential and material details of my agency agreement with it were made by me in New York either over telephone or in written communication and by personal contact, during Cobra's several visits to New York.

> 6. I *countersigned* the agency agreement with Cobra (5/31/83) in New York.

Gaskin Affidavit, ¶¶ 5–6 (emphasis in original).

Gaskin fails to contradict defendants' particularized accounts of what was and was not discussed in New York with anything more specific than a conclusory allegation that "material details" were discussed. Such a conclusory allegation, in the face of detailed affidavits to the contrary, is insufficient to justify exercising jurisdiction over defendants, especially when plaintiffs were given ample opportunity to conduct discovery for the very purpose of fleshing out what, if any, negotiations took place in New York.

Gaskin's attempt to impute his own activities onto defendants also cannot be permitted. "When personal jurisdiction is asserted under C.P.L.R. § 302 by an agent against its principal, the former cannot, for jurisdictional purposes, attribute its activities in New York to the latter. *Haar v. Armendoris Corp.,* 31 N.Y.2d 1040, 342 N.Y.S.2d 70, 294 N.E.2d 855 (1973); *rev'g,* 40 A.D.2d 769, 337 N.Y.S.2d 285 (1st Dep't 1972)." *New World Capital Corp. v. Poole Truck Line, Inc.,* 612 F.Supp. 166, 172 (S.D.N.Y.1985).

The Second Circuit has stated in affirming the granting of a defendant's motion to dismiss for lack of personal jurisdiction, "It is basic that the burden of proving jurisdiction is upon the party who asserts it and that he must show by the complaint and supporting affidavits the essential requirements of the jurisdictional statute." *Lehigh Valley Industries, Inc. v. Birenbaum,* 527 F.2d at 92. As in the *Lehigh Valley* case where "[i]t was clearly within the competence of [plaintiffs] to raise specific issues of fact as to what transpired but [the court was] told nothing," *id.* at 93, plaintiffs in the instant case have similarly simply not met their threshold burden of establishing any basis for asserting jurisdiction over the movants. Thus, given that there is no substantiated or particularized allegation that negotiations regarding the agency contract took place in New York, and given that negotiations by telephone and mail, without more, are insufficient to confer jurisdiction over nondomiciliary defendants, *see Sayles Biltmore, Inc. v. SoftFab Tex., Inc.,* 440 F.Supp. 1010, 1013 (S.D.N.Y.1977), plaintiffs' complaint is dismissed as against defendants Cobra, Lane, and Mongoven.

SO ORDERED.