**NEWHARD, COOK & CO., Plaintiff,**

v.

**INSPIRED LIFE CENTERS, INC., Defendant.**

**No. 88–2100C(6).**

United States District Court, E.D. Missouri, E.D.

March 23, 1989.

Elizabeth Koplar, G. Carroll Stribling, Jr., Terry L. Lister, Ziercher and Hocker, P.C., St. Louis, Mo., for plaintiff.

Deborah Doak, Norman A. Selner, Selner, Glaser and Komen, P.C., St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

GUNN, District Judge.

This matter is before the Court on defendant's motion to dismiss for lack of personal jurisdiction or, alternatively, to transfer venue under 28 U.S.C. § 1404.

Plaintiff Newhard, Cook & Co. brings this action against defendant Inspired Life Centers, Inc. of Carlsbad, California. Plaintiff alleges that it was contacted by defendant at Newhard's Carlsbad office to arrange for the sale of 45,000 shares of American Aircraft Corporation common stock. Plaintiff did in fact locate a buyer for the stock. But after the sale was completed, American Aircraft informed plaintiff that the stock certificates were unauthorized and would not be honored. Plaintiff demanded that defendant return the proceeds of the sale but was refused.

Plaintiff initially filed suit in St. Louis County Circuit Court seeking a writ of attachment against additional shares of defendant's stock being held at plaintiff's St. Louis office. Defendant neither requested that the stock be sent to St. Louis nor knew that it was being held in the St. Louis office. When the St. Louis County sheriff seized the shares, defendant removed the case to this court and filed the motions now under consideration.

Defendant contends, in support of its motion to dismiss, that it is a California corporation with its principal place of business in Carlsbad, California and that it is not licensed to do business nor has it transacted business in Missouri. It also asserts that it is not aware of any ownership of real or personal property in Missouri and that it has no employees here. Defendant further alleges that if there is stock in Missouri, it was sent by plaintiff without its knowledge or consent. Defendant argues that venue in the Eastern District of Missouri is improper because the claim arose in California, and it "resides" in California for venue purposes. Defendant further contends that its witnesses and "virtually all" of the documentary evidence are in Carlsbad.

In response, plaintiff argues that defendant does have personal property in Missouri, specifically, the stock certificates which were the object of the writ of attachment, and that defendant did transact business in Missouri through its agents, Newhard, Cook & Co. The Court finds Newhard's argument to be without merit and grants defendant's motion to dismiss for lack of personal jurisdiction.

In passing on a motion to dismiss for lack of jurisdiction over a non-resident, a federal diversity court is required to en-

gage in a two-step inquiry: first, whether defendant committed one of the acts enumerated in the long arm statute; and second, whether the exercise of personal jurisdiction over defendant violates the due process clause of the fourteenth amendment. *The Land–O–Nod Company v. Bassett Furniture Industries, Inc.*, 708 F.2d 1338 (8th Cir.1983); *Scullin Steel Co. v. National Railway Utilization Corp.*, 676 F.2d 309, 312 (8th Cir.1982). The Court finds that defendant's actions do not fall within the Missouri long arm statute and that a due process violation would occur by exercise of jurisdiction over defendant in this court.

▆▆▆ Plaintiff, the party seeking to invoke federal jurisdiction, has the burden of establishing that jurisdiction exists, and this burden may not be shifted to the challenging party. *Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 653 (8th Cir.1982). While the facts are viewed in the light most favorable to the plaintiffs, "there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist. . . ." *Aaron Ferer & Sons Co. v. Diversified Metals Corp.*, 564 F.2d 1211, 1215 (8th Cir.1977) (citations omitted). *See also Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir.1977) (plaintiff need only make a prima facie showing of jurisdictional facts through submission of affidavits plus discovery materials); *Greycas, Inc. v. Anderson*, 584 F.Supp. 894, 895–96 (E.D.Mo.1984); 4 Wright & Miller, *Federal Practice and Procedure: Civil* § 1068 at 250 (1969).

Missouri's long arm statute provides:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

(3) The commission of a tortious act within this state;

(4) The ownership, use, or possession of any real estate situated in this state;

(5) The contracting to insure any person, property or risk located within this state at the time of contracting.

2. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

§ 506.500, R.S.Mo. (Supp. 1986).

It is clear that defendant's actions do not fall within the Missouri long arm statute. The Eighth Circuit has interpreted the "transaction of business" subsection of the Missouri long arm statute to require a higher level of business transactions than those involved in this case. *See, Fairbanks Morse Pump Corp. v. ABBA Parts, Inc.*, 862 F.2d 717 (8th Cir.1988) ("transaction of business" found where foreign corporation had distributor located in Missouri); *Mullen v. Galati*, 843 F.2d 293 (8th Cir.1988) (Missouri could not properly exercise long arm jurisdiction over title insurance and two of its attorneys in civil rights action arising out of a sale and foreclosure of property in Arizona); *Watlow Elec. Mfg. Co. v. Patch Rubber Co.*, 838 F.2d 999 (8th Cir.1988) (purchaser's actions constituted "transaction of business" within Missouri where a representative was sent to the state on behalf of the purchaser).

In this instance the business transactions were in California, not Missouri. Neither do defendant's actions constitute "the making of any contract within the state" under the Missouri long arm statute. There is no Missouri contact here. Thus, this case is distinguishable from *New Dawn Natural Foods, Inc. v. Natural Nectar Corp.*, 655 F.Supp. 475 (E.D.Mo.1987), relied on by plaintiff, holding that a contract for delivery of goods in Missouri fell within the long arm statute although the defendant was not aware at the outset that delivery would be in Missouri.

The due process argument also imposes an insuperable barrier against the exercise of this Court's jurisdiction over defendant.

The due process clause of the fourteenth amendment places limits upon the power of a court to exercise personal jurisdiction over a non-resident defendant. It requires the defendant to have certain minimum contacts with the forum state so that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Land–O–Nod*, 708 F.2d at 1340. *Accord, World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Kulko v. California Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Calder v. Jones*, 465 U.S. 783, 788, 104 S.Ct. 1482, 1486, 79 L.Ed.2d 804 (1984) (citations omitted). *See also Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The defendant's contacts with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." *World Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. at 567. *See also Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958).

In this circuit, the due process standard has evolved into a consideration of five factors:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

*Aaron Ferer & Sons Co. v. Diversified Metals Corp.*, 564 F.2d 1211, 1215 (8th Cir. 1977). *See Land–O–Nod*, 708 F.2d at 1340.

Defendant's contacts in this instance do not measure up to the minimum requirements of due process. It is manifest under the facts of this case that defendant reasonably could not have expected to find itself in a Missouri court.

Plaintiff cites *Drexel, Burnham, Lambert, Inc. v. D'Angelo*, 453 F.Supp. 1294 (S.D.N.Y.1978), to support its position that the Eastern District of Missouri is a proper forum for this action. However, in *Drexel* the defendants, New Jersey residents, regularly requested plaintiffs to transact business with them in New York from which they expected to benefit. In this case, the defendants did not direct or authorize the movement of their stock certificates from California to Missouri. Although plaintiff's *Drexel* argument may be logically appealing, from the standpoint of personal jurisdiction theory, the argument is insupportable. Plaintiff, by relying on its own internal practices unknown to defendant, cannot circumvent the "traditional notions of fair play and substantial justice" which have been part of the federal courts' analysis of personal jurisdiction since *International Shoe Co. v. State of Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 159–60, 90 L.Ed. 95 (1945). Such an argument ignores the requirement of *World–Wide Volkswagen* that defendant's contacts with the forum be sufficiently purposeful so it could anticipate defending law suits in the action forum. 444 U.S. at 297, 100 S.Ct. at 567. Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss for lack of personal jurisdiction be and it is granted.

IT IS FURTHER ORDERED that defendant's motion to transfer venue be and it is denied as moot.