**NEWHARD, COOK & CO., a Missouri corporation, Appellant,**

v.

**INSPIRED LIFE CENTERS, INC., a California corporation, Appellee.**

**No. 89–1674.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1989.

Decided Feb. 13, 1990.

G. Carroll Stribling, St. Louis, Mo., for appellant.

Deborah Doak, St. Louis, Mo., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Newhard, Cook & Company appeals from the district court's[1] order granting Inspired Life Centers, Inc.'s motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Newhard brought suit against Inspired Life based upon stock brokerage transactions between the parties, and obtained service in Missouri by attaching shares of stock owned by Inspired Life and kept at Newhard's office in St. Louis for safekeeping. The district court held that it lacked personal jurisdiction over Inspired Life because Inspired Life's contacts with the State of Missouri satisfied neither the Missouri long arm statute nor the due process clause of the fourteenth amendment. For the reasons discussed below, we affirm the order of the district court.

Inspired Life is a church located in Carlsbad, California. Newhard is a securities broker incorporated in Missouri with offices in various locations, including Newport Beach, California. Inspired Life contacted Newhard at its Newport Beach office and requested that Newhard sell some American Aircraft Corporation stock held by Inspired Life. Inspired Life delivered 45,000 shares of the stock to Newhard's Newport Beach office. Newhard then transferred the shares, in accordance with its internal procedures, to its principal office in St. Louis, Missouri. Newhard located a purchaser for the stock, and the transaction was completed. After Newhard paid Inspired Life the sale proceeds, Newhard learned from American Aircraft that the stock certificates were unauthorized and would not be honored. Newhard was then forced to buy genuine American Aircraft shares on the open market to meet its duty to the purchasers. It demanded that Inspired Life return the sale proceeds but Inspired Life refused to do so.

Newhard initially filed suit in Missouri state court seeking a writ of attachment against shares of Vanderbilt Gold Corporation stock owned by Inspired Life but held by Newhard in St. Louis. Inspired Life had requested Newhard to hold the Vanderbilt Gold stock for safekeeping, though Inspired Life was not told that the stock was actually kept in St. Louis. When the St. Louis County Sheriff seized the shares, Inspired Life removed the case to federal court on the basis of diversity of citizenship and filed a motion to dismiss for lack of personal jurisdiction. The district court granted the motion to dismiss, 708 F.Supp. 1066 (E.D.Mo.1989), and this appeal followed.

The sole issue in this appeal is whether the district court erred in granting Inspired Life's motion to dismiss for lack of person-

---

1. The Honorable George F. Gunn, Jr., United States District Court Judge for the Eastern District of Missouri.

al jurisdiction[2] based on its finding that Inspired Life had insufficient contacts with the State of Missouri to subject itself to Missouri's jurisdiction.

It is incumbent upon Newhard, as the party seeking to invoke federal jurisdiction, to establish jurisdiction by a preponderance of the evidence. This burden may not be shifted to Inspired Life, the party challenging jurisdiction. *Mountaire Feeds v. Agro Impex*, 677 F.2d 651, 653 n. 3 (8th Cir.1982). In reviewing the district court's jurisdictional determination based on written submissions, we must view the facts in the light most favorable to Newhard. *Watlow Elec. Mfg. Co. v. Patch Rubber Co.*, 838 F.2d 999, 1000 (8th Cir.1988).

Newhard contends that a court in Missouri can exercise jurisdiction over Inspired Life without violating the due process clause of the fourteenth amendment.[3] The Supreme Court has provided us with much guidance on this issue and has declared that a court may not exercise jurisdiction over a nonresident defendant, such as Inspired Life, unless the defendant has certain minimum contacts with the state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342–43, 85 L.Ed. 278 (1940)). *See also Shaffer v. Heitner*, 433 U.S. 186, 212, 97 S.Ct. 2569, 2584, 53 L.Ed.2d 683 (1977) (holding that the constitutionality of quasi in rem, as well as in personam, jurisdiction must be evaluated according to the standards set forth in *International Shoe* and its progeny).

In assessing the sufficiency of the nonresident defendant's contacts with the forum state, we focus on the relationship among the defendant, the forum, and the litigation. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). A court may exercise personal jurisdiction only if there is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State," *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958), and the acts must be of a nature such that the defendant should "reasonably anticipate being haled into court there," *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Our circuit has developed guidelines to aid in analyzing the sufficiency of the nonresident defendant's contacts with the forum. We consider:

(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

*Land–O–Nod Co. v. Bassett Furniture Indus.*, 708 F.2d 1338, 1340 (8th Cir.1983) (quoting *Aaron Ferer & Sons Co. v. Diversified Metals Corp.*, 564 F.2d 1211, 1215 (8th Cir.1977)).

When we consider this case in light of these factors, we are compelled to conclude that due process would be violated by

---

2. Although the dismissal under Federal Rule of Civil Procedure 12(b)(2) was couched in terms of lack of personal jurisdiction, it is more accurately described as a lack of quasi in rem jurisdiction. The difference is merely semantic. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1351, at 563 (1969) ("the provision [12(b)(2)] presumably is sufficiently elastic to embrace a defense or objection that the court lacks in rem or quasi-in-rem jurisdiction").

3. A state court may exercise personal jurisdiction over a nonresident defendant only if the state long arm statute is satisfied and the asser-

tion of jurisdiction is consistent with due process. *See, e.g., Watlow Elec.*, 838 F.2d at 1001. Newhard contends that it is not necessary to satisfy the long arm statute here since the case is based on quasi in rem jurisdiction rather than in personam jurisdiction. Missouri court rules do permit service of process through methods other than the long arm statute in suits brought in rem or quasi in rem. *See* Missouri Rule of Civil Procedure 54.12. Therefore, we will focus solely upon whether the requirements of due process are met if a court in Missouri exercises jurisdiction here.

a court in Missouri exercising jurisdiction over Inspired Life. Inspired Life has not purposefully availed itself of the benefits and protections of Missouri law. The only connections between Inspired Life and Missouri are the presence within the state of Vanderbilt Gold stock and American Aircraft stock owned by Inspired Life. Inspired Life did not consent to these stock transfers to Missouri. Newhard argues vigorously that correspondence mailed on a regular basis to Inspired Life from its St. Louis office is evidence that Inspired Life availed itself of the benefits and protections of the forum and had knowledge that it was doing business with a Missouri corporation. It asserts that Inspired Life must have been aware that Newhard's principal place of business was in Missouri and, therefore, should have foreseen engaging in activities outside of California.

We reject these arguments because due process requires that a defendant not be haled into a jurisdiction solely as a result of attenuated contacts. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985). We are convinced that the minimal connections between the forum state and Inspired Life here are too attenuated to justify the assertion of jurisdiction in light of the evidence that Inspired Life did not authorize or consent to the transfer of the stocks to Missouri. (Affidavit of Douglas McQuistan, Record at 44). It is not enough that Inspired Life should have foreseen a connection with Missouri because " 'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *World–Wide Volkswagen,* 444 U.S. at 295, 100 S.Ct. at 566.

The strongest factual basis for asserting jurisdiction over Inspired Life is contained in the affidavit of Newhard employee Donald G. Ferguson. Ferguson stated that the centralized holding of stock certificates in a principal place of business is the normal practice of the industry and is done in the best interest of clients, to protect against fire or loss, to facilitate efficient record keeping, and to reduce the costs of holding or transferring stock necessary to comply with statutes and regulations. (Record at 64). The shares in question were transferred in the ordinary course of Newhard's business and long before the disputes leading to this litigation arose. (Record at 65). He also stated that Inspired Life had notice that the shares were in St. Louis because of monthly account balance and transaction updates, disbursement checks, and other correspondence, all of which were addressed from Newhard's St. Louis office to Inspired Life. (Record at 65). According to Ferguson, Inspired Life never objected to Newhard retaining those shares and neither questioned nor objected to Newhard transferring stock certificates from its California office to its St. Louis office. (Record at 65). None of the affidavits before the district court had copies of the notices or correspondence attached.

Considering these statements in the light most favorable to Newhard, we cannot identify any act by which Inspired Life purposefully availed itself of the privilege of conducting activity in Missouri. The high water mark of Newhard's claim is that it transferred the shares from California to Missouri for its own business purposes, that Inspired Life had notice of the transfers, and that Inspired Life did not object. Accepting every statement as true, this is simply not enough to establish a prima facie showing of jurisdiction. Nor do we believe that these statements, when considered with Inspired Life's affidavit, present a factual dispute requiring further consideration by the district court.

The fact that Newhard regularly mailed correspondence, including disbursement checks, from its Missouri office to Inspired Life does not establish that Inspired Life purposefully availed itself of the benefits and protections of Missouri law. *See T.J. Raney & Sons v. Security Sav. & Loan Ass'n,* 749 F.2d 523, 525 (8th Cir.1984) (per curiam) (the use of interstate mail, standing alone, is insufficient to satisfy due process).

While it is true that Inspired Life owns property located in Missouri, such property was transferred from California to Missouri solely as the result of Newhard's

unilateral action in its ordinary course of business. (Affidavit of Donald G. Ferguson, Record at 65). Thus, the presence of that property in Missouri fails to confer jurisdiction upon Missouri because:

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

*Hanson v. Denckla*, 357 U.S. at 253, 78 S.Ct. at 1239–40. Furthermore, the Vanderbilt Gold stock which was attached in Missouri had no relationship to the controversy or litigation in this case. The shares of Vanderbilt Gold were merely property seized to support the claim of jurisdiction. In *Shaffer v. Heitner*, the Supreme Court discussed the situation where property is attached in aid of jurisdiction and is completely unrelated to the cause of action. The Court recognized that the presence of such property in a state "might suggest the existence of other ties among the defendant, the State, and the litigation." *Shaffer*, 433 U.S. at 209, 97 S.Ct. at 2582. Nevertheless, considering the lack of other ties to the state, "the presence of the property alone would not support the State's jurisdiction." *Id.* The only claims of "other ties" here, as previously noted, are Newhard's assertions that Inspired Life had notice of the presence of the shares in Missouri and did not object. As we have already observed, this does not establish that Inspired Life purposefully availed itself of the privilege of conducting activities in Missouri.

Newhard relies heavily on *Drexel Burnham Lambert, Inc. v. D'Angelo*, 453 F.Supp. 1294 (S.D.N.Y.1978), to support the exercise of jurisdiction in this case. This reliance is misplaced. The *Drexel* court found that the plaintiff's "activities in New York [were] carried out at defendants' direction," *id.* at 1298, and that "[d]efendants requested plaintiff to perform acts in New York," *id.* In the case at bar, there was no such directive or request. (Affidavit of Douglas McQuistan, Record at 44).

Accordingly, we are persuaded that "traditional notions of fair play and substantial justice," *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158 (quoting *Milliken*, 311 U.S. at 463, 61 S.Ct. at 343), would be offended by a court in Missouri exercising jurisdiction in this case. We affirm the district court's order granting Inspired Life's motion to dismiss for lack of personal jurisdiction because such an exercise of jurisdiction in this case would violate due process.