Tom PAPACHRISTOU, d/b/a
Mid–South Aviation,
Appellant,

v.

TURBINES INC., Appellee.

No. 88–2694.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 19, 1990.

Decided May 4, 1990.

Elton A. Rieves, IV, West Memphis, Ark., for appellant.

Michael Everett, Marked Tree, Ark., for appellee.

Before LAY, Chief Judge, and McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN, MAGILL and BEAM, Circuit Judges, en banc.

ARNOLD, Circuit Judge.

Tom Papachristou, a resident of Arkansas, sued Turbines Inc., an Indiana corporation, in an Arkansas state court, alleging breach of an oral contract. Turbines removed the action to a federal court, which dismissed the suit for lack of personal jurisdiction over the defendant. *Papachristou v. Turbines Inc.*, No. J–C–88–131 (E.D. Ark. Aug. 18, 1988). A panel of this Court affirmed the dismissal, one judge dissenting. *Papachristou v. Turbines Inc.*, 884 F.2d 1116 (1989). Papachristou's petition for rehearing with suggestion for rehearing en banc was granted, and as a result

the panel opinion was vacated. We now reverse the ruling of the District Court.

## I.

The basic facts relating to the jurisdictional issue are not in dispute. Turbines president Jim Mills was in the process of bidding by phone on two aircraft engines located in Texas, when he learned that Papachristou, who operates Mid–South Aviation in Marion, Arkansas, was at the sellers' place of business and was also bidding on one of the engines. Papachristou and Mills reached an oral agreement to purchase one of the engines jointly. A Turbines employee would pick up both engines and deliver the jointly purchased engine to Marion, Arkansas. The route from Texas to Indiana would take Turbines' driver through Arkansas and within two or three miles of Marion. Mills also agreed that Turbines would bear the risk of loss en route.

The Turbines employee arrived in Marion with instructions to drop off the front end of the engine, the portion for which, according to Mills, Papachristou had contracted. Papachristou refused to accept only this portion, claiming that he had contracted to purchase the entire engine. The employee continued the trip to Indiana without depositing any portion of the engine with Papachristou. This breach-of-contract action ensued.

■ The Arkansas long-arm statute extends the jurisdiction of that state's courts to the limits permitted by the Constitution. See Ark.Code Ann. § 16–4–101 (1987). Some "purposeful" activity within the forum state is required by the Due Process Clause of the Fourteenth Amendment in order to give fair warning to potential defendants that they may be sued in a given jurisdiction. In determining that it could not exercise *in personam* jurisdiction over Turbines, the District Court ruled that Turbines had not purposefully availed itself of the privilege of conducting activities within Arkansas. The District Court found that Turbines' only contact with Arkansas was the attempted delivery, "and this merely because plaintiff's place of business was

directly along the route defendant's employee would drive from Texas to Indiana." *Papachristou*, No. J–C–88–131, slip op. at 3. The District Court concluded, and a panel of this Court agreed, that this single contact was not a substantial connection to Arkansas, nor did it show that Turbines had availed itself, purposefully or otherwise, of the protection of the laws of Arkansas.

## II.

■ We do not agree that Turbines' activities in Arkansas were not "purposeful." The contract which Papachristou claims was broken was for sale of an aircraft engine. It was agreed that delivery would be made in Arkansas. One of Turbines' employees came to Arkansas for this purpose, among others. He attempted to make delivery, but a dispute arose over the identity of the property agreed upon, and so none of the engine was left in Arkansas. Turbines' employee would have come through Arkansas anyway, but he would not have gone to Marion. The side trip to Marion, which can hardly be called accidental, was for the purpose of carrying out the contract that the parties had previously made. Surely the place of delivery is a material term of the contract, in this case placing the expense of delivery on the seller. The contact with Arkansas was on a single occasion, but the contract in suit was for a single piece of property.

We hold that this purposeful activity was sufficiently substantial to meet the requirements of due process outlined in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) ("[M]inimum requirements inherent in the concept of 'fair play and substantial justice' may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities.") (quoting *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980)). Arkansas was the agreed place of performance of the entire contract, and it is also the place where the alleged breach occurred. There is nothing unfair in subjecting the allegedly defaulting seller

to suit in Arkansas. See *Gardner Engineering Corp. v. Page Engineering Co.*, 484 F.2d 27 (8th Cir.1973). The alternative would require the plaintiff to go to Indiana and sue Turbines in its home state, but this is no less unfair to the plaintiff, and perhaps more so, than subjecting the defendant to suit in Arkansas.

Accordingly, the order of the District Court dismissing the suit for want of personal jurisdiction is reversed, and the cause remanded to that Court for further proceedings consistent with this opinion.

BOWMAN, Circuit Judge, with whom McMILLIAN and FAGG, Circuit Judges, join, dissenting.

As this Court recently stressed in a decision affirming a district court's dismissal of a suit for lack of personal jurisdiction,

> A court may exercise personal jurisdiction only if there is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State," *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958), and the acts must be of a nature such that the defendant should "reasonably anticipate being haled into court there," *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

*Newhard, Cook & Co. v. Inspired Life Centers, Inc.*, 895 F.2d 1226, 1228 (8th Cir. 1990). This decision also stressed the fundamental principle of due process requiring "that a defendant not be haled into a jurisdiction solely as a result of attenuated contacts." *Id.* at 1229. And the Court reiterated that " 'it is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " *Id.* at 1230 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958)).

The act upon which our Court hangs jurisdiction in the present case is Turbines' attempted delivery of an aircraft engine at Papachristou's place of business in Arkansas. Our Court previously has recognized, however, that "the provision for delivery within the forum state [is a] secondary or ancillary factor[ ] and cannot alone provide the 'minimum contacts' required by due process." *Scullin Steel Co. v. National Ry. Utilization Corp.*, 676 F.2d 309, 314 (8th Cir.1982). Here, Turbines did not solicit Papachristou's business in Arkansas, but rather in Texas. Turbines did not enter into its agreement with Papachristou, or conduct any negotiations, in Arkansas. Turbines did not agree to be bound by, nor did it seek the benefits and protections of, the laws of Arkansas. Its sole contact with Arkansas was the attempted delivery of the aircraft engine to Papachristou's place of business in Arkansas, and this delivery was undertaken only because Papachristou's place of business was directly along the route Turbines' employee would take in driving from Texas to Turbines' place of business in Indiana. On these undisputed facts, I agree with the District Court that this sole contact with Arkansas was insufficient either to show that Turbines purposefully availed itself of the privilege of conducting activities in Arkansas or to provide the minimum contacts with the forum state required by the due process clause.

My view of the case is set forth more fully in the panel opinion. *See Papachristou v. Turbines Inc.*, 884 F.2d 1116 (8th Cir.), *reh'g en banc granted*, 892 F.2d 1327 (1989). For the reasons there stated and here sketched, I would affirm the judgment of the District Court dismissing this case for lack of personal jurisdiction.